<hr/>

(64 Misc. Rep. 422.)

## BACOT v. FESSENDEN.

(Supreme Court, Special Term, New York County. August, 1909.)

1. REFORMATION OF INSTRUMENTS (§ 19*)—GROUNDS—MISTAKE.

Where it unmistakably appears that both parties to a contract for the sale of real estate understood that it expressed only a sale of the vendor's interest in the premises, though a reference in the contract "to the life estate of the life tenant," coupled with language that the vendor was to deliver a deed of "the undivided one-quarter interest" in the premises, might justify the conclusion that the vendor had contracted to sell "an undivided one-quarter of the premises," and not merely his interest, the contract will be reformed to express the true object of the parties.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74, 75; Dec. Dig. § 19.*]

2. VENDOR AND PURCHASER (§ 138*)—OBJECTIONS TO TITLE—NOTICE OF EASEMENTS.

The rule that, where the vendor has expressly contracted to convey free of incumbrances, the purchaser ordinarily may insist thereon, notwithstanding that at the time of contract he knew of the incumbrances urged as grounds for rejecting title, is subject to the qualification that, if the

<hr/>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

incumbrance is of a kind that vendor cannot remove, such as an easement, it cannot be so urged by a purchaser who knew of its existence.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 261; Dec. Dig. § 138.*]

Action by Julius I. Bacot against Levi A. Fessenden. Judgment ordered for plaintiff.

See, also, 130 App. Div. 819, 115 N. Y. Supp. 698.

C. C. Nadal, for plaintiff.

A. F. Sire, for defendant.

GREENBAUM, J. It seemed reasonably clear to me when this cause was first tried before me that the language of the contract originally entered into between the parties, interpreted in the light of the circumstances attendant upon its execution and of the effect to be given to the reference therein of the incumbrance upon plaintiff's interests in the property of two certain mortgages aggregating $6,000. warranted the conclusion that the parties only contracted for the purchase and sale of plaintiff's interest in the premises in question. The learned Appellate Division clearly misapprehended the fact, established upon the trial, that the mortgages to the amount of $6,000 only affected plaintiff's interest, and were not "incumbrances upon the whole estate," as erroneously stated in the opinion of the learned justice writing for the court. The deduction of the appellate court, so far as it rested upon the erroneous assumption of fact just adverted to, was necessarily fallacious, although it should be said that the reference in the contract "to the life estate of the life tenant," coupled with the language of the contract that plaintiff was to deliver a deed of "the undivided one-quarter interest" in the premises mentioned, well might justify the conclusion that the plaintiff had contracted to sell "an undivided one-quarter of the premises" and not merely his interest therein.

Upon the second trial testimony was introduced, additional to that presented upon the first trial, bearing upon the relief sought by the plaintiff looking to a reformation of that contract upon the ground of mutual mistake. To my mind the evidence is most convincing that both parties understood that the contract expressed only a purchase and sale of plaintiff's interest in the premises, subject to mortgages, aggregating $6,000, which incumbered his interest. There was no occasion to have referred to the outstanding life estate, which only tended to lead to a misinterpretation of the real contract that the parties supposed they had made. It appears that plaintiff was thoroughly familiar with the will of Levi Apgar, from which plaintiff's interest is deducible, and under which defendant, a cousin of plaintiff, derived certain interests. It was established that defendant had special knowledge of the particular easements and restrictive covenants which were subsequently urged by him as grounds for rejection of the title. The testimony of Mr. Fisher, a layman, who acted for both parties in preparing the contract, conclusively shows that, long prior to the making of the agreement, defendant was specially apprised of the existence

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of these easements and restrictions from a title insurance company search which Fisher had procured for and exhibited to him. The testimony of Mr. Fisher as to what was said between the parties at the time of the execution of the contract tends further to emphasize the fact that the parties intended only a purchase and sale of plaintiff's interest, whatever that may be. It is unnecessary to enter into all the details of the testimony, which unmistakably indicate that both parties intended to make a contract looking to the disposition of plaintiff's interest in the premises, and that any words of the contract which might tend to convey the idea that a purchase and sale of an absolute undivided fourth part in remainder was intended were the result of a mutual mistake.

The learned counsel for defendant lays stress upon the circumstances that plaintiff had no knowledge of the existence of the restrictive covenants and easements, and hence that there could have been no mutual mistake of fact. The fallacy of the reasoning lies in this: That it is wholly immaterial what restrictive covenants in fact existed, or whether either or both of the parties were unaware of their existence, if as matter of fact both thought they were making a contract only for the purchase and sale of plaintiff's interest in the premises. It may further be observed that, where parties have expressly contracted that the vendor shall convey free from incumbrances, the vendee might ordinarily be entitled to insist upon the terms of his contract, notwithstanding the fact that at the time of the making of the contract he had notice of the existence of the incumbrances which are urged as grounds for rejecting them. But this rule would be subject to the important qualification that:

"If the incumbrance be of a kind which the vendor cannot remove, such as an easement, it is not to be presumed that the purchaser, knowing the existence of the easement, intended the insertion of a vain provision in the contract." Maupin's Marketability of Titles, § 85a.

The defendant asks for equitable relief. He seeks a rescission of the contract, and an equitable lien upon the property for the amount paid by him under the contract. A court of equity will give no heed to the appeal of one who knew, when he signed the contract, that the easements and covenants to which he now objects existed and were incapable of removal by the other party to the contract.

It follows that the contract must be reformed to express the true purpose and object of both parties at the time when they executed it, and that the counterclaim of defendant be dismissed, with costs.

Ordered accordingly.